(132 So. 413)

## HARRELL v. IMPERIAL OIL & GAS PRODUCTS CO.

No. 30750.

Jan. 5, 1931.

Rehearing Denied Feb. 2, 1931.

Oliver & Digby, of Monroe, for appellant.

Homer Adams, of Pittsburgh, Pa., and J. B. Thornhill and Theus, Grisham, Davis & Leigh, all of Monroe, for appellee.

ST. PAUL, J.

This is an action of slander of title. Plaintiff is the owner of 12 acres of land in Union parish and seeks to have canceled and erased from the records of said parish a certain alleged mineral lease by Mrs. A. D. Striplin to defendant on the ground that same was forged; also on the ground that the consideration therefor was insufficient.

It is claimed by plaintiff that the lease was forged by the son and only heir of Mrs. Striplin, from whom plaintiff purchased the land after his mother's death.

O. C. Striplin, the son, testified by affidavit whilst in the penitentiary, that he had forged his mother's name, but afterwards, as a witness in this case, he contradicted this and declared that he had not signed his mother's name to the lease and did not know who did so. On the other hand, Sam. Jones, a son-in-law of O. C. Striplin, testified that he (Jones) had signed the name of Mrs. Striplin whilst she held the pen. And the trial judge believed this witness, and so do we. His testimony is corroborated by the fact that Mrs. Striplin had already granted a lease to defendant which was defective only for want of a sufficient description, and this new lease was executed only to correct the description previously given. Mrs. Striplin received the consideration for the first lease and also the rentals up to the time of her death.

But even were it a fact that O. C. Striplin signed his mother's name to the lease without her authority, then he was simply acting without authority and therefore bound himself personally. Rev. Civ. Code, art. 3010. It therefore amounted to his own act of lease, and when he afterwards became owner of the property as sole heir of his mother, the lease became effective and binding from that time. Cochran v. Gulf Refining Co., 139 La. 1010, 72 So. 718; St. Landry Oil & Gas Co. v. Neal, 166 La. 799, 118 So. 24.

There are other points urged by plaintiff, but as they all depend upon a finding that the

above-mentioned lease is a forgery and nullity, there is no need to go into them.

It is also contended that the consideration for the lease was inadequate. But aside from the fact that the evidence fails to establish that the price was inadequate, the jurisprudence is that a grant of the right to drill for oil or gas will not be annulled for inadequacy of consideration or lesion beyond moiety, such a contract being, properly speaking, not such a sale of an immovable as may be annulled for lesion beyond moiety, being always speculative in character. Wilkins v. Nelson, 155 La. 809, 99 So. 607; Lieber v. Ouachita Natural Gas & Oil Co., 153 La. 160, 95 So. 538; Fomby v. Development Co., 155 La. 705, 99 So. 537.

The judgment rejecting plaintiff's demand was therefore correct.

### Decree.

The judgment appealed from is therefore affirmed.